UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

CYNTHIA HAYES
3732 "D" St. SE
Washington, DC 20019

       Plaintiff,
Vs.                                          C.A. #

THE UNITED STATES OF AMERICA
950 Pennsylvania Ave. NW
Washington, DC 20530

Serve:

Channing D. Phillips
United States Attorney for the
District of Columbia
555 4th Street, NW
Washington, DC 20001

Loretta E. Lynch
Attorney General of the
United States
950 Pennsylvania Ave. NW
Washington, DC 20530

And

CORRECTIONS CORPORATION
OF AMERICA
10 Burton Hills Blvd.
Nashville, Tn. 37215

Serve:
CT Corporation System
1015 15th Street NW
Suite 1000
Washington, DC 20005-2605

And

1

JOHN DOES I-V
Correctional Treatment Facility
1901 E Street SE
Washington, DC 20001

Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Cynthia Hayes, by and through her attorneys, Jane Carol Norman, Bond & Norman Law, PC and sues the Defendants United States of America, Corrections Corporation of America, and John Does I-V, and avers as follows:

## JURISDICTION & VENUE

1. This Court has jurisdiction of this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, against the Defendant United States of America, which vests exclusive subject matter jurisdiction of Federal Tort Claims Act litigation in the Federal District Court.

2. As to those common law negligence claims asserted herein against the Defendants Corrections Corporation of America and John Does I-V the Federal District Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a).

3. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1391(b)(2), as well as 28 U.S.C. § 1391(e)(1) because the United States is a defendant, the Plaintiff resides in the District of Columbia, and the events complained of herein occurred in the District of Columbia.

2

4. On July 5, 2015 Plaintiff Hayes submitted a Form 95 Administrative Law Claim to the Defendant United States of America ("United States") to its General Law Division, Department of Health and Human Services ("DHHS"). No response from the Defendant United States has been received to date and it has been more than six months since the Form 95 was submitted.

5. On July 30, 2015 Plaintiff Hayes submitted a Notice of Intention to File a Claim pursuant to D.C. Code § 16-2802 to Unity Health Care, Inc., a Federally Qualified Health Center.

6. On August 4, 2015 Plaintiff Hayes submitted a Notice of Intention to File a Claim pursuant to D.C. Code § 16-2802 to the Defendant United States through its General Law Division, Department of Health and Human Services.

**PARTIES**

7. The Plaintiff Cynthia Hayes is an adult natural person who resides in the District of Columbia. At all times mentioned herein she was an inmate incarcerated at the Correctional Treatment Facility ("CTF"), a penal institution located at 1901 "E" Street, SE, Washington, DC 20003. She has since been released and is no longer incarcerated in any correctional facility.

8. The Defendant Corrections Corporation of America ("CCA") is a corporation organized under the laws of the State of Maryland, whose principal place of business is in Nashville, Tennessee. At all times mentioned herein CCA operated and managed the Correctional Treatment Facility pursuant to a contract with the District of Columbia.

9. The Defendant United States of America is liable through Unity Health Care, Inc., a Federally Qualified Health Center. At all times mentioned herein Unity Health Care, Inc. provided health care services, including mental health services, to inmates at the CTF pursuant to a contract with the District of Columbia.

10. At all times mentioned herein John Does I-V were the agents and/or employees of the Defendants Corrections Corporation of America and/or the United States of America.

## STATUTORY BASIS OF LIABILITY AGAINST THE UNITED STATES OF AMERICA

11. This case is brought against the United States of America pursuant to 28 U.S.C. § 2671 *et seq*, commonly referred to as the "Federal Tort Claims Act". Liability is predicated specifically on 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages that form the basis of this complaint, were proximately caused by the negligence, wrongful acts and/or omissions of agents and/or employees of the Defendant United States of America through its agency, the United States Department of Health and Human Services, by and through Unity Health Care, Inc. as a Federally Qualified Health Center. The agents and/or employees of the Defendant United States of America of America were acting within the course and scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to Plaintiff Hayes in the same manner and to the same extent as a private individual under the laws of the District of Columbia.

4

12. Pursuant to 28 U.S.C. § 2675, this claim was presented to the appropriate agency of the United States, namely the Department of Health and Human Services, on July 5, 2015. Said Defendant has failed to respond and therefore Plaintiff's claims have been deemed denied by operation of law.

## STATEMENT OF FACTS

13. On or about August 1, 2014, around 2110 hours in the Correctional Treatment Facility in Washington, D.C., Building E, Unit 2, Block 2A agents and/or employees of the Defendants United States of America and Corrections Corporation of America, including John Does I-V, while acting in the course and scope of their duties with said employers, carelessly, negligently and with reckless indifference to the health, safety and welfare of inmate Cynthia Hayes and other inmates, placed and/or caused to be placed an unstable and violent inmate, Kalutte Barnes, DCDC # 313-290, in the general population, specifically the dayroom of Building E, Unit 2, Block 2A where Plaintiff Cynthia Hayes was also present.

14. The aforesaid employees and/or agents did this even though said agents and/or employees knew or should have known that inmate Kalutte Barnes was suffering from a mental illness or illnesses that made her mentally unstable and violent and that she should have been placed and/or remained on the specialized, mental health unit and kept away from the general population.

15. Because of the above stated carelessness, negligence and deliberate indifference on the part of the agents and/or employees of the Defendants in placing the violent inmate Barnes in general population, inmate Kalutte Barnes viciously and brutally

attacked both plaintiff Cynthia Hayes and other inmates without provocation who were also in the dayroom of Building E, Unit 2, Block 2A at that time.

16. Specifically inmate Kalutte Barnes punched Plaintiff Cynthia Hayes so violently in the face that she caused her to develop two black eyes, scratched her in and about the face, and punched her in other parts of her face. Inmate Barnes knocked Cynthia Hayes to the ground and kicked her in the chest and stomach. Further she bit Plaintiff's little finger on her left hand so hard that it broke the skin and left her nail hanging. Plaintiff was forced to undergo two weeks of treatment in the infirmary as a result and has continuously received medical and mental health treatment since. Inmate Barnes gouged Plaintiff's left eye with her finger resulting in Plaintiff sustaining traumatic glaucoma. Further as a result of the attack Plaintiff has had to undergo prophylactic treatment for HIV prevention, and has to undergo frequent HIV testing. She must live in fear that she has contracted the HIV virus. Further, Plaintiff has had to undergo medication and testing for hepatitis and now must fear developing that virus as well. Plaintiff has had to undergo other medical treatment as well as that listed above. She has permanent scarring. As stated, Plaintiff Hayes continues to receive medical and mental health treatment as a result of the attack and to incur medical bills.

17. In addition to the medical injuries and pain and suffering listed above, Plaintiff Cynthia Hayes has suffered profound mental and emotional distress.

## COUNT ONE
## Negligence
## (United States of America)

18. Plaintiff hereby incorporates paragraphs 1 through 17, inclusive, as if set forth at length herein.

19. That on or about August 1, 2014 the Defendant United States, through Unity Health Care, Inc., owed Plaintiff Hayes a duty of care to provide mental health care to inmates at the CTF in a manner, consistent with the standard of care, so as not to endanger the health, welfare and safety of other inmates housed therein. Further, the Defendant United States of America had a duty to warn inmates in general population that an inmate that it had cleared to be in general population posed a risk to the health, safety and welfare of other inmates. Further, this Defendant had a duty not to clear or classify inmates as fit for general population, and not to transfer them from the specialized mental health unit to general population, when said inmates were violent and posed a risk to the health, safety and welfare of other inmates. On or about August 1, 2014 the Defendant United States of America, through Unity Health Care, Inc., breached that duty through its agents and/or employees including John Does I-V by the following acts including but not limited to:

   a. Failing to follow the standard of care in failing to diagnose inmate Kalutte Barnes as violent and that she posed a threat of serious violent injury to other inmates;

   b. Negligently allowing inmate Kalutte Barnes to be released from the specialized mental health unit into general population and/or recommending and/or allowing her release into general population when Unity Health Care, its agents and/or employees knew or should have known that she was violent and posed a threat of serious bodily injury to other inmates; c. Negligently failing to recognize that Kalutte Barnes was violent and posed a threat of serious bodily injury to other inmates;

7

    c. Negligently failing to follow up and monitor Kalutte Barnes' behavior while she was in the general population to determine if she should remain there;

    d. Negligently failing to warn the inmates and staff in general population, including Claimant Hayes, specifically in Building E, Unit 2, Block 2A, that inmate Barnes was violent and posed a risk of serious bodily injury to other inmates;

    e. Negligently failing to transfer and/or recommend transfer of inmate Barnes to St. Elizabeth's Hospital prior to August 1, 2014 where she had previously been hospitalized and could have been better accommodated;

    f. Negligently failing to properly treat and diagnose inmate Barnes so as to prevent her from being violent and posing a threat of serious bodily injury to other inmates.

20. As a proximate cause of the above acts of negligence on the part of the United States, its agents and/or employees, on or about August 1, 2014 Plaintiff Cynthia Hayes was viciously attacked by inmate Kalutte Barnes in the day room of Building E, Unit 2, Block 2A, at or about 2110. As a proximate cause, Plaintiff Hayes has suffered the above mentioned personal injuries, pain and suffering, emotional injuries, and other injuries all of which are permanent in nature and has incurred and will continue to incur medical expenses and bills.

**COUNT TWO**
**Negligence**
**(Corrections Corporation of America)**

21. Plaintiff hereby incorporates paragraphs 1 through 20, inclusive, as if set forth at length herein.

22. Defendant Corrections Corporation of America, acting through its agents and/or employees including John Does I-V, acting in the course and scope of their employment, owed a duty of care to the inmates at CTF including Plaintiff, Cynthia Hayes, that they would be reasonably and safely held while incarcerated at the CTF, and that they would be protected from potentially mentally unstable and violent inmates who were a threat to their health, safety and welfare. They further owed inmates such as Cynthia Hayes the duty to properly classify, or assess inmates as suitable for placement in general population and to separate unstable and violent or potentially violent inmates who were a risk to the health, safety and welfare of other inmates from the general population.

23. Defendant Corrections Corporation of America further also had a duty to observe inmates in general population to ensure that they belonged in and should remain in general population, to remove those who did not, and to warn inmates about potentially violent and dangerous inmates.

24. On or about August 1, 2014 the Defendant Corrections Corporation of America, through its agents and/or employees, breached that duty to Plaintiff Hayes including but not limited to the following willful and negligent acts:

    a. Negligently placing and/or causing inmate Barnes to be placed into the general population, despite the fact that she was mentally unstable, violent and a danger to the health, safety and welfare of other inmates;

    b. Negligently failing to remove inmate Barnes from general population when she manifested violent and dangerous behavior;

    c. Negligently failing to recommend that inmate Barnes be sent to St. Elizabeth's mental hospital before she attacked Plaintiff Hayes;

    d. Negligently classifying inmate Barnes as fit for general population;

    e. Negligently failing to warn Plaintiff Hayes that inmate Barnes was mentally unstable and violent;

    f. Negligently allowing inmate Barnes in the dayroom of Building E, Unit 2, Block 2A.

    g. Defendant Corrections Corporation of America knew, or should have known, that inmate Barnes was mentally unstable and violent and was a threat to the health, safety and welfare of other inmates including Plaintiff Cynthia Hayes and that inmate Barnes should not have been in the dayroom of Building E, Unit 2, Block 2A at the time of her vicious attack upon Plaintiff Hayes.

25. As a proximate cause of the above acts of negligence on the part of the United States, its agents and/or employees, on or about August 1, 2014 Plaintiff Cynthia Hayes was viciously attacked by inmate Kalutte Barnes in the day room of Building E, Unit 2, Block 2A, at or about 2110. As a proximate cause, Plaintiff Hayes has suffered the above mentioned personal injuries, pain and suffering, emotional injuries, and other injuries all of which are permanent in nature and has incurred and will continue to incur medical expenses and bills

**COUNT THREE**
**Violation of 42 U.S.C. § 1983**
**EIGHTH AMENDMENT**
**(Corrections Corporation of America,)**

26. Plaintiff hereby incorporates paragraphs 1 through 25, inclusive, as if set forth at length herein.

27. Defendant Corrections Corporation of America through their policies, practices, acts, and omissions have and continue to exhibit deliberate indifference to the safety and welfare of the inmates in their care, including Cynthia Hayes when she was incarcerated there, both at CTF and at other facilities they run throughout the country, from 1997 through the present time and including on or about August 1, 2014.

28. The factual predicate for this assertion are the numerous lawsuits and complaints that have been lodged and filed against Corrections Corporation of America, both involving the CTF and other correctional facilities run by CCA throughout the country, based upon negligence, constitutional violations and reckless indifference of CCA to the health, safety and welfare of inmates resulting in their injury or death in violation of their rights under the Eight Amendment to the United States Constitution. The complaints and lawsuits against CCA involving constitutional violations and reckless indifference towards inmate health, safety and welfare against CCA are a matter of public record and involve the time period of the awarding of the contract by the District of Columbia in March of 1997 to the present time.

29. Through their contract with the District of Columbia, at all times mentioned herein the Defendant Corrections Corporation of America was acting under color of state law.

30. As a proximate result defendants through these policies, practices, acts and omissions have subjected and continue to subject inmates, including Plaintiff Cynthia Hayes on or about August 1, 2014, to the unnecessary and wanton infliction of pain, and emotional and physical injury in violation of the Eighth Amendment of the United States Constitution that guarantees citizens of the United States to be free from cruel and unusual punishment.

31. That as a direct and proximate result of the aforesaid violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment, plaintiff has suffered the above mentioned personal injuries, pain and suffering, emotional injuries, and other injuries all of which are permanent in nature and has incurred and will continue to incur medical expenses and bills.

**WHEREFORE**, Plaintiff Cynthia Hayes demands judgment against Defendants United States of America and Correctional Corporation of America, jointly and severally, in the sum of Ten Million Dollars ($10, 000,000.00) plus interest from the date of the occurrence at the prevailing rate, plus costs and attorney's fees in this action.

Respectfully Submitted,

Jane Carol Norman #384030
Bond & Norman PLLC
777 6th St. NW
Suite 410
Washington, DC 20001
202-423-3863
Fax: 202-207-1041
Email: janenorman@bondandnorman.com

Attorneys for the Plaintiff Cynthia Hayes

## DEMAND FOR JURY TRIAL

Plaintiff hereby makes a demand for trial by jury as to all issues as to Defendant Corrections Corporation of America.

_Jane Carol Norman_