**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CYNTHIA HAYES,

Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

Defendants

Civil Action No.: 16-cv-131 (APM)

**ANSWER**

Defendant, the United States of America, by and through the United States Attorney for the District of Columbia, respectfully files its Answer in this case, which arises under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346. Defendant's answers correspond to each numbered paragraph in the Amended Complaint (ECF No. 4).

JURISDICTION AND VENUE

1. The averments of paragraph 1 amount to a legal conclusion to which no response is required.

2. The averments of paragraph 2 are not addressed to the United States and therefore do not require a response. To the extent an answer is required, Defendant denies same.

3. The averments of paragraph 3 amount to a legal conclusion to which no response is required.

4. Defendant admits only that Plaintiff filed an administrative tort claim with the U.S. Department of Health and Human Services, General Law Division ("Agency") on July 6, 2015, and the Agency denied the administrative tort claim on April 19, 2016. All averments not specifically admitted are denied.

5. Defendant admits only that on August 3, 2015 and August 7, 2015, Unity Health Care, Inc. ("Center") and the Agency were presented with Plaintiff's Notice of Intent to File a Claim. All averments not specifically admitted are denied.

6. Defendant admits only that on August 3, 2015 and August 7, 2015, the Center and the Agency were presented with Plaintiff's Notice of Intent to File a Claim. All averments not specifically admitted are denied.

## PARTIES

7. Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's (Cynthia Hayes) residences.

8. The averments of paragraphs 8 are not addressed to the United States and therefore do not require a response. To the extent an answer is required, Defendant denies same.

9. Defendant admits only that Unity Health Care, Inc., pursuant to 42 U.S.C. § 233(g), was deemed an employee of the Public Health Services Act, pursuant to FSHCAA, 42 U.S.C. § 233(g)-(n), for purposes of the Federal Tort Claims Act. All averments not specifically admitted are denied.

10. Defendant is without knowledge or information sufficient to form a belief as to the averments of paragraph 10. To the extent a response is required, Defendant denies all averments.

## STATUTORY BASIS OF LIABILITY AGAINST THE UNITED STATES OF AMERICA

11. The averments of paragraph 11 amount to a description of plaintiff's theory of liability, a legal conclusion to which no response is required. All averments not specifically admitted are denied.

12. Defendant admits only that Plaintiff filed an administrative tort claim with the Agency on

July 6, 2015, and the Agency denied the administrative tort claim on April 19, 2016. All averments not specifically admitted are denied.

STATEMENT OF FACTS

13. Defendant denies the averments of paragraph 13.

14. Defendant denies the averments of paragraph 14.

15. Defendant denies the averments of paragraph 15.

16. Defendant is without knowledge or information sufficient to form a belief as to the averments of paragraph 16. To the extent a response is required, Defendant denies all averments.

17. Defendant is without knowledge or information sufficient to form a belief as to the averments of paragraph 17. To the extent a response is required, Defendant denies all averments.

COUNT ONE
NEGLIGENCE
(UNITED STATES OF AMERICA)

18. This paragraph incorporates each and every allegation set forth in paragraphs "1" through "17." To the extent a response is required; Defendant incorporates its responses to the allegations contained in paragraphs "1" through "17."

19. Defendant denies the averments of paragraph 19 (a) through (f).

20. Defendant denies the averments of paragraph 20.

COUNT TWO
NEGLIGENCE
(CORRECTIONS CORPORATION OF AMERICA)

21. The averments of paragraph 21 are not addressed to the United States and therefore do not require a response.

22. The averments of paragraph 22 are not addressed to the United States and therefore do not require a response. To the extent an answer is required, Defendant United States is without knowledge or information sufficient to admit or deny the averments of this paragraph.

23. The averments of paragraph 23 are not addressed to the United States and therefore do not require a response. To the extent an answer is required, Defendant United States is without knowledge or information sufficient to admit or deny the averments of this paragraph.

24. The averments of paragraph 24 (a) through (g) are not addressed to the United States and therefore do not require a response. To the extent an answer is required, Defendant United States is without knowledge or information sufficient to admit or deny the averments of this paragraph.

25. The averments of paragraph 25 are not addressed to the United States and therefore do not require a response. To the extent an answer is required, Defendant United States is without knowledge or information sufficient to admit or deny the averments of this paragraph.

COUNT THREE
VIOLATION OF 42 U.S.C. § 1983
FIFTH AND FOURTEENTH AMENDMENTS
(CORRECTIONS CORPORATION OF AMERICA)

26. The averments of paragraph 26 are not addressed to the United States and therefore do not require a response. To the extent an answer is required, Defendant United States is without knowledge or information sufficient to admit or deny the averments of this paragraph.

27. The averments of paragraph 27 are not addressed to the United States and therefore do

not require a response. To the extent an answer is required, Defendant United States is without knowledge or information sufficient to admit or deny the averments of this paragraph.

28. The averments of paragraph 28 are not addressed to the United States and therefore do not require a response. To the extent an answer is required, Defendant United States is without knowledge or information sufficient to admit or deny the averments of this paragraph.

29. The averments of paragraph 29 are not addressed to the United States and therefore do not require a response. To the extent an answer is required, Defendant United States is without knowledge or information sufficient to admit or deny the averments of this paragraph.

30. The averments of paragraph 30 are not addressed to the United States and therefore do not require a response. To the extent an answer is required, Defendant United States is without knowledge or information sufficient to admit or deny the averments of this paragraph.

31. The averments of paragraph 31 are not addressed to the United States and therefore do not require a response. To the extent an answer is required, Defendant United States is without knowledge or information sufficient to admit or deny the averments of this paragraph.

32. The averments of paragraph 32 are not addressed to the United States and therefore do not require a response. To the extent an answer is required, Defendant United States is without knowledge or information sufficient to admit or deny the averments of this paragraph.

33. The averments of paragraphs 33 are not addressed to the United States and therefore do not require a response. To the extent an answer is required, Defendant United States is without knowledge or information sufficient to admit or deny the averments of this paragraph.

34. The averments of paragraphs 34 are not addressed to the United States and therefore do not require a response. To the extent an answer is required, Defendant United States is without knowledge or information sufficient to admit or deny the averments of this paragraph.

The remaining unnumbered paragraph contains Plaintiff's demand for judgment. Insofar as a response is required, Defendant denies Plaintiff is entitled to any such judgment.

DEMAND FOR JURY TRIAL

The remaining unnumbered paragraph contains Plaintiff's demand for trial by jury. The averments of paragraphs are not addressed to the United States and therefore do not require a response. To the extent an answer is required, Defendant denies Plaintiff is entitled to a trial by jury against the United States, pursuant to 28 U.S.C. § 2402.

**AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Defendant United States, through its employees, agents, and servants, acted at all relevant times with due care and diligence and therefore the United States could not have breached any actionable duty owed to Plaintiff.

3. In the event that Defendant United States is found negligent, which negligence Defendant denies, such negligence is not the cause in fact or proximate cause of alleged damages suffered by Plaintiff.

4. In the event that Defendant is found negligent, which negligence Defendant denies, then the acts or omissions of Plaintiff contributed to the injuries and damages of which Plaintiff complains, and Defendant is not liable therefor.

5. Pursuant to 28 U.S.C. § 2678, Defendant United States is not liable for attorney's fees except as provided for by the Federal Torts Claims Act.

6. Pursuant to 28 U.S.C. § 2674, Defendant United States is not liable for interest prior to judgment or for punitive or special damages.

7. Pursuant to 42 U.S.C. § 233(k), any recovery by Plaintiff is subject to the availability of appropriated funds.

8. Pursuant to 28 U.S.C. § 2675(b), Plaintiff cannot recover more in damages than demanded in her administrative tort claims.

9. Pursuant to 28 U.S.C. § 2402, Plaintiff has no right to a jury trial in a personal injury action against the United States.

10. Damages recoverable, if any, are subject to the limits of the law of the District of Columbia.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar No. 415793
United States Attorney

DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division

By: /s/ *Damon Taaffe*

DAMON TAAFFE, D.C. Bar No. 483874
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2544

damon.taaffe@usdoj.gov